IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| P. DAVID NEWSOME, JR., LIQUIDATING TRUSTEE OF MAHALO ENERGY (USA), INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 11-CV-140-GKF-PJC ) |
| WILLIAM GALLACHER, DUNCAN CHISHOLM, GARY H. DUNDAS, JEFF G. LAWSON, JAMES BURNS, KEVIN WOLFE, DAVID E. BUTLER and BURNET, DUCKWORTH AND PALMER, LLP, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Before the court is the defendants' Joint Motion to Strike Declarations of William B. Federman and Joshua D. Wells. [Doc. No. 33]. Defendants contend the declarations signed and sworn-to by plaintiff's attorneys William B. Federman and Joshua D. Wells should be stricken as the declarations contain hearsay, allegations not based on personal knowledge, conclusory statements, references to unauthenticated documents and hearsay, and improper argument. Defendants intially moved to strike the declarations filed at Dkt. Nos. 25 and 26. Attorney Wells subsequently signed and submitted three additional, supplemental declarations [Dkt Nos. 40, 41 and 49], which defendants argue should also be stricken for the same reasons. [Dkt. No. 52, pp. 15-17]

Attorneys Federman and Wells contend they can properly submit declarations pertaining to the Debtor's business because they serve as the Trustee's agents. Case authority supports the proposition that a Trustee, as custodian of the Debtor's books and records, retains the authority to testify regarding those documents and admit them into evidence. *See, e.g., In re Endeavour Highrise, L.P.*, 432 B.R. 583, 636 (Bkrtcy. S.D. Tex. 2010). By stepping into the Debtor's shoes and becoming the custodian of the Debtor's books and records, the Trustee is deemed to have personal knowledge of those documents. *Id.,* 432 B.R. at 636-637. Here, however, the Trustee did not offer the declarations, his attorneys did.[1] The declarations must be stricken because the attorneys are not official custodians of Debtor Mahalo USA's files and records. Federman and Wells cite no authority for the proposition that they, as the Trustee's attorneys, may offer declarations.

The declarations must be stricken for the additional reason that Federman and Wells may not serve in the dual capacities of witness and advocate. *State Farm Mutual Automobile Ins. Co., v. Dowdy*, 445 F.Supp.2d 1285 (N.D. Okla. 2006); *Lowe v. Experian*, 328 F.Supp.2d 1122 (D. Kan. 2004); *F.D.I.C. v. Sierra Resources, Inc.*, 682 F.Supp. 1167 (D. Colo. 1987). Although these cases address the issue of whether a lawyer may act as an advocate *at a trial* in which the lawyer is likely to be a necessary witness, the same ethical considerations are involved when a lawyer offers a sworn declaration in opposition to a contested dispositive motion. Insofar as an attorney offering a declaration has a stake in the outcome of the contested motion, his or her credibility is impaired. *F.D.I.C. v. Sierra Resources, Inc.*, 682 F.Supp. at 1170; *Comden v. Superior Court*, 576 P.2d 971, 973 (Cal. 1978), *cert. denied*, 439 U.S. 981 (1978). Sworn

---

[1] The Trustee does not suggest that he could not offer a declaration regarding the documents in his possession or that his attorneys Federman and Wells are necessary witnesses in regard to the documents.

declarations by attorneys involved in the case "may lead the public to be skeptical of lawyers as witnesses, thereby diminishing the public's respect and confidence toward the profession." *Id.* This court concludes that attorneys Federman and Wells may not both act as advocates and offer their sworn declarations. The declarations signed and submitted by the attorneys are therefore stricken.

The attorneys' declarations must also be stricken because neither attorney has personal knowledge of the files and records, and no hearsay exception applies to make their declarations admissible. Federman and Wells argue that their personal knowledge can be based on their review of the records. In support, they cite *Washington Central Railroad Co. v. National Mediation Board*, 830 F.Supp. 1343, 1354 (E.D. Wash. 1993), wherein the Executive Director of the National Mediation Board was the official custodian of the Board's files and records. In *Washington Central*, however, the Executive Director was permitted to testify as to items contained in the files and records only because he was the official custodian of records. As discussed above, neither attorney is the Debtor's custodian of records. The Executive Director was also permitted to testify as to hearsay contained within the documents because the National Mediation Board is a government agency and the records fell within the public records exception to the hearsay rule. Accordingly, the records were presumed admissible unless the opposing party could make a showing that they were untrustworthy. The public records exception is obviously inapplicable here. The Court noted that the foundation for the business records exception includes the testimony of the custodian as to when the record was made, the personal knowledge of the maker, and the course of business as to making and keeping records. As Wells and Federman cannot provide this foundational testimony, their declarations must be stricken.

Defendants argue that declarations must be based upon personal knowledge and set forth facts that would be admissible in evidence; and that conclusory and self-serving declarations are insufficient. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995); *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). Although the defendants accurately state the law, they fail to specify any particular declarations they contend are conclusory or which constitute legal opinions. The argument therefore lacks a sufficient basis to obtain relief.

Finally, the Court notes that, in his Response to the defendants' Joint Motion to Strike, the Trustee requests the Court strike the Declarations of Messrs. Mackenzie and Lawson, appended to defendants' filings at Dkt. Nos.19-1, 19-2, and 34-1. The Trustee did not file a motion to strike the declarations, and this Court is not compelled to issue a ruling on a "request." However, insofar as Dkt. No. 34-1 is merely a response to Mr. Wells' initial declaration which is now stricken, Dkt. No. 34-1 is now irrelevant and the request is moot. The Court declines the remainder of the Trustee's request, as the declarations are properly limited to statements of fact.

For the foregoing reasons, the Joint Motion to Strike Declarations of William B. Federman and Joshua D. Wells [Doc. No. 33] is granted. The Declarations filed at Dkt. Nos. 25, 26, 40, 41 and 49 are hereby stricken.

IT IS SO ORDERED this 19th day of March, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT