IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

P. DAVID NEWSOME, JR., LIQUIDATING )
TRUSTEE OF MAHALO ENERGY (USA), )
INC., )
 )
        Plaintiff, )
 )
v. ) Case No. 11-CV-140-GKF-PJC
 )
WILLIAM GALLACHER, DUNCAN )
CHISHOLM, GARY H. DUNDAS, JEFF )
G. LAWSON, JAMES BURNS, KEVIN )
WOLFE, DAVID E. BUTLER and )
GRANT A. MACKENZIE, )
 )
        Defendants. )

## OPINION AND ORDER

Before the court is the Motion to Dismiss [Dkt. #86] filed by defendants William Gallacher, Duncan Chisholm, Gary H. Dundas, Jeff G. Lawson, James Burns, Kevin Wolfe, David E. Butler and Grant MacKenzie ("Individual Defendants"). Plaintiff P. David Newsome, Jr., Liquidating Trustee of Mahalo Energy (USA"), Inc. ("Trustee") opposes the motion.

### I. Background

This lawsuit arises from the failure of Mahalo Energy (USA) ("Mahalo USA"), a Delaware corporation with its principal place of business in Oklahoma, and its parent, Mahalo Energy Ltd. ("Parent"), a Canadian company located in Alberta, Canada. Defendants are Canadian citizens and residents of Alberta who were officers and/or directors of Mahalo USA and/or the Parent.

In May 2009, Mahalo USA filed a Chapter 11 bankruptcy petition in the United States District Court for the Eastern District of Oklahoma. Plaintiff was appointed as the liquidating trustee and successor-in-interest to the claims of the reorganized debtor. On March 8, 2011, the Trustee filed suit against former officers and directors of Mahalo USA and the Parent. The Trustee asserted direct claims against officers and directors of Mahalo USA ("Mahalo USA Directors") for breach of fiduciary duty and against officers and directors of the Parent ("Parent Directors") for aiding and abetting the alleged breaches of fiduciary duty by the Mahalo USA Directors. The Trustee also asserted legal malpractice claims against Burnett, Duckworth and Palmer, LLP ("BDP"), a Canadian law firm that provided legal services to the Parent, and against Lawson, a law firm partner.

All defendants moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(2), asserting lack of personal jurisdiction. In the alternative, the Individual Defendants sought dismissal of claims brought on behalf of Mahalo USA's creditors, arguing creditors have no right to assert claims for breach of fiduciary duty. The court granted the motions to dismiss for lack of personal jurisdiction and did not reach the alternative motion. [Dkt. #55 at 29]. The Trustee appealed the dismissal. The Tenth Circuit affirmed dismissal of the legal malpractice claims against BDP and Lawson but reversed dismissal of the claims against the Individual Defendants.

After remand the Trustee—with leave of court—filed a First Amended Complaint. [Dkt. #76]. The First Amended Complaint continues to allege direct claims on behalf of Mahalo USA's creditors and, for the first time, asserts a claim that the directors of the Parent owed (and breached) fiduciary duties *directly* to Mahalo USA. *See*, *i.e.*, Dkt. #76, ¶10 ("Each of the Defendants, in their capacities as the officers and directors and/or agents of Mahalo USA and/or of Parent, owed fiduciary duties to Mahalo USA and its creditors.").

2

The Individual Defendants seek dismissal of the First Amended Complaint to the extent it purports to bring the claims on behalf of creditors of Mahalo USA. Additionally, they seek dismissal of the new claim against the Parent Directors for breach of fiduciary duty to Mahalo USA.[1]

## II. Allegations of the First Amended Complaint

The First Amended Complaint alleges the following facts relevant to the Individual Defendants' Motion to Dismiss:

1. Mahalo USA was a Delaware corporation wholly owned by Mahalo Energy Ltd., a Canadian company ("Parent"). [Dkt. #76, ¶23].

2. On May 21, 2009 ("Petition Date"), Mahalo USA filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Eastern District of Oklahoma ("Bankruptcy Case"). [*Id.*, ¶24].

3. On April 1, 2010, the bankruptcy court confirmed an Amended Plan of Reorganization ("Plan") in the Bankruptcy Case. [*Id.*, ¶¶21, 26].[2] Pursuant to the Plan, a Liquidating Trust was established for the benefit of the holders of allowed general unsecured claims against Mahalo USA. [Dkt. #86, Ex. A, § V(E)].[3]

4. Pursuant to the Plan, the Trustee was authorized to, among other things, "prosecute, compromise, settle and/or abandon the Designated Avoidance Actions, in his/her reasonable discretion, for the benefit of the holders of Allowed General Unsecured Claims." [*Id.*, § V(E)(2)(i)]. "Designated Avoidance Actions" include:

---

[1] The First Amended Complaint asserts a claim against Parent Directors for aiding and abetting breach of fiduciary duty to Mahalo USA. Parent Directors have not sought dismissal of this claim.
[2] The First Amended Complaint alleges the Plan was confirmed April 10, 2010 and April 26, 2010 [*Id.*, ¶¶21, 24]. However, the order confirming the Plan, attached as Ex. A to defendants' Motion to Dismiss, was entered April 1, 2010. [Dkt. #86, Ex. A].
[3] Where a plaintiff refers to a document in the Complaint, a defendant may submit a copy of the document to the court to be considered on a motion to dismiss. *MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002).

(ii) All claims, causes of action, and rights of action, at law or equity that may be asserted on behalf of the Estate against any of the Debtor's and/or the Parent's current or former directors and/or officers, and Burnet Duckworth & Palm LLP, arising from any act or omission occurring before the Petition Date, other than those related to the filing and prosecution of the Case.

[*Id.*, § I(A)].

5. The Individual Defendants' positions with Mahalo USA and/or Parent were as follows:

- William Gallacher ("Gallacher") was the Chairman of the Board of Directors of Parent. [Dkt. #76, ¶27].

- Duncan Chisholm ("Chisholm") was President and Chief Executive Officer of Mahalo USA and Parent, and a director of Parent, until October 2008. [*Id.*, ¶¶32-34].

- Gary H. Dundas ("Dundas") was the sole director of Mahalo USA, and a director of Parent. [*Id.*, ¶¶38-39].

- Jeff G. Lawson ("Lawson") was a director of Parent until January 19, 2009. [*Id.*, ¶46].

- James Burns ("Burns") was President and Chief Executive Officer of Mahalo USA and Parent and a director of Parent from October 2008 to June 2009. [*Id.*, ¶¶53-54].

- Kevin Wolfe ("Wolfe") was a director of Parent. [*Id.*, ¶58].

- David Butler ("Butler") was a director of Parent. [*Id.*, ¶62].

- Grant MacKenzie ("MacKenzie") was the corporate secretary of Mahalo USA and Parent. [*Id.*, ¶67].

6. Throughout the First Amended Complaint, the Trustee alleges that each of the Individual Defendants, in their capacity as officers and directors of Mahalo USA and/or the Parent, owed fiduciary duties not only to Mahalo USA, but also to its creditors; that defendants breached those fiduciary duties; and that the creditors were injured thereby. [*Id.*, ¶¶2, 10-11, 13-16, 18, 40, 83, 85, 88-89, 106-107, 109, 113, 132-134, 146, 148-149, 157-158, 165-166, 168, 174, 176, 178-180, 198-199].

### III. Standard

Federal Rule of Civil Procedure 8(a) requires that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Complaints that fail to satisfy the rule are subject to dismissal under Fed. R. Civ. P. 12(b)(6). The current standard for 12(b)(6) motions follows a middle path between heightened fact pleading and allowing complaints based on conclusory allegations. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). After setting aside conclusory statements, the court considers whether a complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 680, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). These facts are viewed in the light most favorable to the plaintiff. *Ridge at Red hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Complaints must be sufficiently plausible to weed out claims that have no reasonable prospect of success, and sufficiently specific to "inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these*

claims." *Ridge at Red Hawk*, 493 F.3d at 1177. "The issue on a 12(b)(6) motion 'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Dickman v. Lahood*, 2012 WL 442644, at *5 (D. Kan. Sept. 26, 2012) (quoting *Swierkiewicz v. Sorema*, *N.A.,* 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002)).

## IV. Analysis

### A. Whether Individual Defendants Owed a Duty to Creditors of Mahalo USA

The parties agree that because Mahalo USA was a Delaware corporation, the duties of defendants to Mahalo USA and/or its creditors are governed by Delaware law. *See* Restatement (Second) Conflicts of Law § 309 (1971) (law of state of incorporation applies to determine extent of director's or officer's liability to corporation, creditors and shareholders unless another state has a more significant interest in the issue); *Tomlinson v. Combined Underwriters Life Ins. Co.*, 684 F. Supp.2d 1296, 1298 (N.D. Okla. 2010) (federal district court predicted that although Oklahoma courts had not directly addressed the issue, Delaware law would be applied to Delaware corporation operating in Oklahoma).

The parties agree that claims for officers' and directors' breach of fiduciary duty are—as plaintiff puts it—"quintessential corporate claims and belong to Mahalo USA." [Dkt. #94 at 3]. Indeed, the Trustee states, "[C]laims such as those brought by the Trustee are always owned by the corporation and are *never* owned by creditors, because no direct fiduciary duty is owed to them." [*Id.* at 4] citing *N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 101-03 (Del. 2007). He denies he is attempting to assert claims on behalf of creditors, but asserts he is entitled to allege facts relating to damages they suffered. [*Id.* at 6].[4] However, citing *In re Scott Acquisition Corp.*, 344 B.R. 283, 290-91 (Bankr. D. Del. 2006)—which in turn

---

[4] Defendants argue "Plaintiff appears to operate under the belief that in asserting claims on behalf of the Company, it may introduce damages suffered by the creditors as a way to bolster damages." [Dkt. #106 at 3].

quotes *Bondi v. Grant Thornton It'l. (In re Parmalat Sec. Litig.)*, 377 F. Supp.2d 390, 420 (S.D. N.Y. 2005)—the Trustee contends "the claims owned by the bankrupt 'may *include* the interests of creditors.'" [*Id.* at 5] . A reading of *Parmalat*, however, does not support such an expansive view of the law. The court in that case stated:

> Under federal bankruptcy law, bankruptcy trustees have standing to pursue the claims of the bankruptcy estate, that is, the insolvent corporation. While a bankruptcy trustee may assert only the claims that belong to the bankruptcy estate, those claims may include the interests of creditors *in the sense that the trustee has the duty to marshal the assets of the estate so that they can be distributed to the creditors on a pro rata basis.* However, while a trustee pursues the interests of the bankruptcy estate and derivatively the interests of its creditors, *he or she does not have standing to pursue the individual claims of creditors or even of creditors as a class.*

377 F. Supp.2d at 420 (emphasis added) (citations omitted).

The Trustee's First Amended Complaint does not merely allege that harm to Mahalo USA also caused harm to the creditors. Rather, it alleges that the Individual Defendants owed fiduciary duties not only to Mahalo USA, but also to its creditors; that they breached those fiduciary duties; and that the creditors were injured thereby. These allegations overstate the bounds of the Trustee's authority and contravene well-settled Delaware law that neither creditors nor the Trustee on behalf of the creditors has standing to assert direct claims of damage for breach of fiduciary duty against the insolvent corporation's directors.

Therefore, the Individual Defendants' Motion to Dismiss is granted with respect to such allegations.

7

### B. Whether the Trustee Can Sue the Parent Directors for Breach of Fiduciary Duty to Mahalo USA

The Trustee alleges Parent Directors owed and breached a fiduciary duty to Mahalo USA.

Under Delaware law, where the subsidiary has minority stockholders, its directors owe fiduciary duties to all of the subsidiary's stockholders. *Weinberger v. UOP, Inc.*, 457 A.2d 701, 710 (Del. 1983). And the parent of a subsidiary with minority stockholders may also owe fiduciary duties to the subsidiary's minority stockholders. *Kahn v. Lynch Communication Systems, Inc.*, 638 A.2d 1110, 1115 (Del. 1994). Indeed, "the fiduciary duties owed by a parent of a non-wholly-owned subsidiary may stretch a long way up the corporate ladder—at least from an entity standpoint." R. Silberglied and B. Rohrbacher, *TOUSA*, *USACafes*, and the Fiduciary Duties of a Parent's Directors upon a Subsidiary's Insolvency, 2011 Ann. Sur. of Bankr. Law 2, p. 4 [Dkt. #106, Ex. 1].

In contrast, a parent corporation does not owe fiduciary duties to its wholly-owned subsidiaries. *See Trenwick America Lit. v. Ernst & Young*, 906 A.2d 168, 173 (Del. Ch. 2006). Rather, "in a parent and wholly-owned subsidiary context, the directors of the subsidiary are obligated only to manage the affairs of the subsidiary in the best interests of the parent and its shareholders." *Anadarko Petro. v. Panhandle Eastern*, 545 A.2d 1171, 1174 (Del. 1988). Further, under Delaware law, a plaintiff may "not assert claims on behalf of [the subsidiary] against the [parent] board of directors without piercing [the parent's] veil in some manner." *Trenwick*, 906 A.2d at 194.

However, when a wholly-owned subsidiary becomes insolvent, the parent corporation must consider what is in the best interests of the subsidiary as a whole, including creditors. *See Gheewalla*, 930 A.2d at 101; *Trenwick*, 906 A.2d at 195. And depending on the corporate

structure of the controlling entity, individual directors of the parent may owe fiduciary duties to the subsidiary.

In *In re USACafes, L.P., Litigation*, 600 A.2d 43 (Del. Ch. 1991), the Delaware Court of Chancery, applying trust law concepts, held that individual directors of a corporate general partner could be liable for breach of fiduciary duty to holders of limited partnership interests. In denying a motion to dismiss the claims against the individual directors, the court stated, "[T]he principle of fiduciary duty, stated most generally, [is] that one who controls property of another may not, without implied or express agreement, intentionally use that property in a way that benefits the holder of the control to the detriment of the property or its beneficial owner." *Id.* at 48. The court declined to "delineate the full scope of [the] duty" of the individual director of a general partner, and acknowledged that "[i]t may well not be so broad as the duty of the director of a corporate trustee," but stated, "it surely entails the duty not to use control over the partnership's property to advantage the corporate director at the expense of the partnership." *Id.* at 49.

Following *USACafes*, Delaware courts have reached a similar conclusion in suits involving limited partnerships, holding that under limited circumstances,[5] directors of a corporate general partner may owe fiduciary duties to the partnership and the limited partners. *See James River-Pennington Inc. v. CRSS Capital, Inc.*, 1995 WL 106554, at *11 (Del. Ch. 1995); *In re Boston Celtics Ltd. Partnership Shareholders Litigation*, 1999 WL 641902, at *4 (Del. Ch. 1999); *Wallace ex. rel. Cencom Cable Income Partners II, Inc. L.P. v. Wood*, 752 A.2d 1175 (Del. Ch. 1999); *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 2000 WL 147663, at **20-22 (Del. Ch. 2000).

---

[5] Specifically, in each of the cases, the directors of the corporate general partner were alleged to have benefited themselves at the limited partnership's expense.

Delaware courts, citing *USACafes*, have also expanded the application of fiduciary duties to parents and controlling entities of the corporate general partner. *See Wallace*, 752 A.2d at 1182; *Bigelow/Diversified Secondary Partnership Fund 1990 v. Damson/Birtcher Partners*, 2001 WL 1641239, at *8 n.42 (Del. Ch. 2001); *Cargill, Inc. v. JWH Special Circumstance LLC*, 959 A.2d 1096, 1120-21 (Del. Ch. 2008).

However, as Silberglied and Rohrbacher observed in their article, "Cases applying *USACafes* to individual directors generally did so in a hesitant manner." [Dkt. #106, Ex. 1, p. 6]. Most recently, in *Bay Center Apartments Owner, LLC v. Emery Bay PKI, LLC*, 2009 WL 1124451, at **9-10 (Del. Ch. Apr. 20, 2009), the court explicitly limited application of the doctrine to situations involving breach of "the duty not to use control over the partnership's property to advantage the corporate director at the expense of the partnership." In a footnote, the court commented:

> I have noted in the past that the imposition of fiduciary duties on individuals who work for a corporate fiduciary charged with managing an alternative entity raises some difficult policy issues and disregards corporate formalities in a manner unusual for Delaware law. *See Gelfman v. Weeden Investors, L.P.*, 792 A.2d 977, 992 n. 24 (Del. Chl. 2001); *Gotham Partners*, 2000 WL 147663, at *20. Some commentators have also raised concerns about the effect of *USACafes*. *See* LUBAROFF & ALTMAN § 11.2.11 AT 11-32.3 ("[*USACafes* puts] directors in the situation of having potentially conflicting and irreconcilable fiduciary duties to stockholders of the [corporate general partner] and to limited partners of the limited partnership."). But given the defendants' acceptance of the *USACafes* line of cases, I simply apply that line.

*Id.* at *9 n.44. Silberglied and Rohrbacher point out two other "troubling aspects" of *USACafe*. First, "the directors of a corporate general partner may owe a direct duty to the limited partners that could be breached even if the general partner itself has not breached its duty." [Dkt. #106, Ex. 1, pp. 7-8. Second, as the authors put it:

> Delaware case law in the corporate context suggests [another] problem: traditionally, directors of a controlling stockholder do not owe direct fiduciary

> duties to the controlled subsidiary. The Court of Chancery has suggested that it would be "unwise to extend the application of those duties as it would undermine a primary benefit of the corporate form." In its 2006 *Trenwick* decision, the Court of Chancery stated that, as a matter of Delaware law, the plaintiff could "not assert claims on behalf of [subsidiary] Trenwick America against the [parent] board of directors without piercing Trenwick's veil in some manner." In other words, if there was a "breach of fiduciary duty by conduct at the Trenwick-level toward Trenwick America, the proper defendant is Trenwick itself, as the parent corporation, not the directors of Trenwick."

[*Id.*, p. 8] (citations omitted).

Significantly, to date, no Delaware court has extended the holding in *USACafes* to the parent directors of wholly owned subsidiaries. It appears the sole case in which this has happened is *In re TOUSA*, 437 F.R. 447 (Bkrtcy. S.D. Fla. 2010). There, the bankruptcy court—relying principally on *USACafes*—held that directors of parent TOUSA owed fiduciary duties to creditors of their insolvent subsidiaries. *Id.* at 460.

The Trustee urges the court to follow *TOUSA*. However, absent case authority from Delaware, the court is reluctant to expand liability in such a manner. Furthermore, based on the same facts, plaintiff has pled alternative claims against the Parent Defendants for aiding and abetting breach of fiduciary duty, and those claims remain active.[6]

Therefore, the court concludes the motion to dismiss claims against the Parent Defendants for breach of fiduciary duty to Mahalo USA should be granted.

---

[6] Silberglied and Rohrbacher suggest that "[i]n the absence of well-pleaded allegations of personal benefit, it would be preferable for courts in the future to focus on [aiding and abetting], not [*USACafes* liability]."[Dkt. #106, Ex. 1, p. 12].

## V. Conclusion

For the reasons set forth above, the Individual Defendants' Motion to Dismiss [Dkt. #86] is granted.

ENTERED this 27th day of May, 2014.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT