**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| P. DAVID NEWSOME, JR., LIQUIDATING TRUSTEE OF MAHALO ENERGY (USA), INC., | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-140-GKF-PJC |
| | ) | |
| WILLIAM GALLACHER, DUNCAN CHISHOLM, GARY H. DUNDAS, JEFF G. LAWSON, JAMES BURNS, KEVIN WOLFE, DAVID E. BUTLER and GRANT A. MACKENZIE, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court is the Motion for Sanctions [Dkt. #93] filed by defendants Grant A.

MacKenzie and Jeff G. Lawson. MacKenzie, a partner of former defendant Burnet, Duckworth

& Palmer, LLP ("BDP") and Lawson, a former partner of BDP, seek Rule 11 sanctions against

plaintiff P. David Newsome, Jr., Liquidating Trustee of Mahalo Energy (USA), Inc. ("Trustee"),

and his attorneys, for reasserting legal malpractice allegations and claims in the First Amended

Complaint, despite the court's earlier dismissal of such claims and the appellate court's

affirmance of the dismissal. The Trustee opposes the motion. [Dkt. #134].

### I. Procedural History

In May 2009, Mahalo USA filed a Chapter 11 bankruptcy petition in the United States

District Court for the Eastern District of Oklahoma. Plaintiff was appointed as the liquidating

trustee and successor-in-interest to the claims of the reorganized debtor. On March 8, 2011, the Trustee filed this action against former officers and directors of Mahalo USA and its parent, Mahalo Energy Ltd. ("Parent"), a Canadian company, as well as BDP and Lawson. The Trustee's Complaint asserted claims for breach of fiduciary duties and aiding and abetting breach of fiduciary duties. The claims against BDP were based on legal services its attorneys provided the Parent and affiliates. The claims against Lawson were based both on the legal services he performed as a BDP partner and on his role as an officer of the Parent.

BDP and Lawson filed a Motion to Dismiss the legal services-related claims, asserting lack of personal jurisdiction and failure to state a claim. [Dkt. #19]. The motion was supported by the declarations of Lawson, individually, and MacKenzie, on behalf of BDP, concerning their contacts with Oklahoma. [*Id.*, Exs. 1 and 2]. The court granted defendants' motion to dismiss. [Dkt. #55]. On appeal, the Tenth Circuit affirmed the dismissal of BDP and of Lawson in his capacity as a partner of the law firm. *Newsome v. Gallacher*, 722 F.3d 1257, 1279-81 (10th Cir. 2013).

In so ruling, the Tenth Circuit characterized the breach of fiduciary claims against BDP and Lawson as claims for legal malpractice. *Id.* at 1279. It concluded that "[t]he law firm establishes by affidavit that it performed all of its services related to this lawsuit in Canada" and "Newsome does not contradict this."[1] *Id.* at 1280. It noted that courts are split regarding whether out-of-state legal work on an out-of-state matter can subject an out-of-state lawyer to personal jurisdiction in the client's home forum. *Id.* Siding with the majority view, it stated:

> [A]n out-of-state attorney working from out-of-state on an out-of-state matter does not purposefully avail himself of the client's home forum's laws and privileges, at least not without some evidence that the attorney reached out to the client's home forum to solicit the client's business. Other distinguishing factors

---

[1] The Tenth Circuit's analysis focused on BDP, but in a footnote it stated, "This analysis also applies to Lawson in his capacity as an attorney for the firm." *Id.* at 1279 n.7.

> may be relevant as well, which we need not catalogue here. In this case, the law firm is a Canadian entity hired by Canadian-owned and-headquartered companies to perform legal work from Canada on transactions consummated in Canada. Further, the law firm never reached out to Mahalo USA in Oklahoma to solicit its business, but instead had Mahalo USA's business by virtue of representing its Canadian parent company in Canada. Save for "facilitat[ing]" the placement of liens on Oklahoma property and receiving payments from Mahalo USA's Oklahoma bank accounts, the law firm had virtually no connection to Oklahoma as relevant to the circumstances that gave rise to this lawsuit.

*Id.* at 1280-81. The court held that personal jurisdiction was lacking over both BDP and Lawson in his capacity as a partner of BDP, and "the district court properly dismissed the law firm [and Lawson] for lack of personal jurisdiction."

*Id.* at 1279 n.7, 1281.[2]

After remand, the Trustee—with leave of court—filed a First Amended Complaint. [Dkt. #76]. The amended complaint contained additional allegations about Lawson and added MacKenzie as a defendant. [*Id.*].

The First Amended Complaint alleged, in pertinent part, that both Lawson and MacKenzie performed legal work for Mahalo USA and/or the Parent outside their capacity as BDP attorneys. [*Id.*, ¶¶47-48, 72-74]. It asserted claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty against all defendants, including Lawson and MacKenzie. [*Id.*, ¶¶173-209].

On November 1, 2013, Lawson and MacKenzie filed a Motion to Dismiss [Dkt. #81], asserting the claims against them for legal malpractice were precluded by the Tenth Circuit's prior decision and alternatively, the Trustee had failed to allege acts conferring personal jurisdiction over them for alleged legal malpractice. They asked the court to strike all allegations concerning their actions as lawyers and they sought sanctions. [*Id.*].

---

[2] The Tenth Circuit held that this court *does* have personal jurisdiction over Lawson in his capacity as a director of the Parent. *Id.* at 1281.

The same day, counsel for defendants sent a letter to counsel for the Trustee attaching a Motion for Sanctions and demanding that the Trustee strike legal malpractice allegations and claims in the First Amended Complaint within the next 21 days. [Dkt. #134, Ex.1, Nov. 1, 2013 Letter from Paula J. Quillin to Trustee's Counsel, with attached Motion for Sanctions]. Counsel for the Trustee declined to strike the allegations. [Dkt. #134-1, Ex. 2, Nov. 14, 2013 Letter from Ali M. M. Mojdehi to Quillen]. Thereafter, defendants filed the pending motion.

The court granted the Motion to Dismiss, finding the Trustee's claims against Lawson and MacKenzie, to the extent they were based on performance of legal services, were precluded by the Tenth Circuit's earlier decision; declining to exercise pendent jurisdiction over the legal malpractice claims; and striking allegations pertaining to Lawson's and/or MacKenzie's alleged roles as attorneys. [Dkt. #131 at 14-16].

In so ruling, the court stated:

> The First Amended Complaint, in essence, substitutes MacKenzie for BDP and beefs up earlier allegations about legal work BDP/McKenzie/Lawson did for the Parent, Mahalo USA and other related entities. The only new substantive allegation—that MacKenzie and Lawson performed legal work outside their capacity as BDP attorneys—is conclusory in nature, and the amended complaint alleges no facts to support such a conclusion. The Trustee has failed to carry his burden of establishing personal jurisdiction with respect to the legal malpractice claims.

[*Id.* at 14].

## II. Legal Standard

Fed. R. Civ. P. 11(a) requires that every pleading, written motion and other paper must be signed by at least one attorney of record. Rule 11(b) states:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    **(1)** it is not being presented for any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Under Rule 11(c), the court may impose "an appropriate sanction" against any attorney, law firm, or party that violates Rule 11(b). A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(1) and (4).

A motion for sanctions must be made separately from any other motion, must describe the specific conduct that allegedly violates Rule 11(b), and must be served on the opposing party's attorney, but it must not be filed or be presented to the court if the challenged claim or contention is withdrawn or appropriately corrected within 21 days after service. Fed. R. Civ. P. 11(c)(2). If warranted, the court may award reasonable expenses, including attorney's fees incurred for the motion, to the prevailing party. *Id.*

## II. Analysis

The Trustee contends:

- The Rule 11(c)(2) notice was deficient because defendants took the position that his claims were barred by res judicata, issue and claim preclusion, while the court ultimately concluded they were precluded by the "law of the case" doctrine.

- His fiduciary role as trustee for a bankruptcy estate has statutory and common-law duties to vindicate all apparent rights of their cestui que trust; therefore it is inappropriate to sanction him for vigorously fulfilling these responsibilities.

- His assertion of claims for breach of fiduciary duty against defendants based on legal work they allegedly performed outside their capacity as BDP attorneys was objectively reasonable, as was his argument that the court could and should exercise pendent jurisdiction over the claims.

### A. Adequacy of Rule 11(c)(2) Notice

The court rejects Trustee's argument that defendants failed to comply with Rule 11(c)(2). The rule requires movants to "describe the specific conduct that allegedly violates Rule 11(b)." The draft Motion for Sanctions defendants served on the Trustee and his attorneys specifically alleged:

> Plaintiff and his attorneys filed a First Amended Complaint that contained frivolous legal malpractice contentions that are not supported by law, made assertions that have no evidentiary support and were duplicative of claims previously adjudicated. Plaintiff and his attorneys are ignoring previous rulings and attempting to seek reconsideration of the Court's March 19, 2012 order which was affirmed on appeal. (Dkt 55 & Dkt 63)[.] This court ruled that it lacked personal jurisdiction over Lawson and over BDP, MacKenzie and Lawson's law firm, for legal advice and legal services. The unjustified filing of the first amended complaint alleging these same dismissed claims has caused MacKenzie and Lawson to incur unnecessary legal costs associated with the defense of this frivolous action, including the necessary filing of the pending motion to dismiss.

(Dkt. 81)[.] Defendants are entitled to sanctions against Plaintiff and his attorneys.

[Dkt. #134-1 at 8, Draft Motion for Sanctions]. This language clearly put the Trustee and his attorneys on notice of the specific conduct defendants alleged violated Rule 11(b). Defendants' failure to allege the "law of the case" doctrine governed the issue did not render the notice insufficient.

## B. Fiduciary Role of Trustee

Citing *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1343-44 (9th Cir. 1988),[3] the Trustee argues "it would be incongruous to sanction a fiduciary for vigorously fulfilling" his statutory and common-law duties to vindicate all apparent rights of his cestui que trust. The appellate court in *Operating Eng'rs*, in reversing the district court's sanctions against the plaintiff trust, stated, "Before imposing sanctions on trust funds, trustees, or their counsel, courts must consider the implications of the fiduciary duties and obligations placed on those entities and weigh that factor carefully in reaching their judgments." *Id.* at 1344. Further, the court stated:

> Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously. Forceful representation often requires that an attorney attempt to read a case or an agreement in an innovative though sensible way. Our law is constantly evolving, and effective representation sometimes compels attorneys to take the lead in that evolution. Rule 11 must not be turned into a bar to legal progress.

*Id.*

---

[3] In *Operating Eng'rs*, employee benefit trusts sued an employer for $62,967.58 in unpaid contributions to trust funds. *Id.* at 1337-38. After a bench trial, the district court ruled that the trusts were entitled to only a small part of the amount claimed. *Id.* at 1338. The court denied the trusts' request for attorney's fees and, pursuant to Rule 11, ordered the trusts to pay the employer $10,000 in attorney's fees and costs. *Id.* at 1338. On appeal, the Ninth Circuit reversed the court's decision on the merits and its award of sanctions. *Id.* at 1342-45.

Trustees have a duty to vigorously pursue the rights of the trust, just as attorneys have a duty to represent their clients zealously. In considering defendants' motion, the court has taken into account the Trustee's fiduciary obligations to the trust.

### C. Objective Reasonableness of Claims

The Tenth Circuit has stated:

> This circuit has adopted the view that an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions. A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances.

*White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990) (citing *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988)).

A legal position is frivolous under Rule 11 if it is clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse existing law. *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 612 (D. Colo. 2006). However, as one court has stated:

> [T]he Rule does not seek to stifle the exuberant spirit of skilled advocacy or to require that a claim be proven before a complaint can be filed. The Rule attempts to discourage the needless filing of groundless lawsuits. And we have recognized that creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment.

*Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (citations omitted).

The Trustee asserts both his position on the effect of the Tenth Circuit's ruling on potential legal malpractice claims against the defendant attorneys and his position on pendent jurisdiction were objectively reasonable.

The court concludes the Trustee's position on the effect of the Tenth Circuit's decision—although borderline—was one that a reasonable, competent attorney could believe was objectively reasonable under the circumstances. The legal issue before the court—whether the Tenth Circuit's ruling precluded the Trustee from naming other partners of BDP, or from making additional allegations and claims against Lawson—was complex. Additionally, both sides displayed confusion about the legal effect of the Tenth Circuit's personal jurisdiction ruling, framing their arguments in terms of the doctrine of issue preclusion. But the court ultimately determined the "law of the case" doctrine was the appropriate framework for analyzing the case.

Moreover, the Trustee's argument for pendent jurisdiction was objectively reasonable. As the court acknowledged in its order granting defendants' Motion to Dismiss, when a court possesses personal jurisdiction over a defendant for one claim, but lacks an independent basis for personal jurisdiction over the defendant for another claim, it may assume pendent personal jurisdiction over the second claim, provided the claim arises out of the same nucleus of operative fact. [Dkt. #131 at 14] (citing *U.S. v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002)). The court concluded the claims did not arise from the same core facts and that even if they did, it would decline to exercise pendent jurisdiction over the legal malpractice claims. [*Id.* at 15]. However, the fact that the court ruled against the Trustee on pendent jurisdiction does not render his position unreasonable. The pendent jurisdiction argument was warranted by existing law.

### III. Conclusion

For the reasons set forth above, defendants' Motion for Sanctions [Dkt. #93] is denied.

ENTERED this 25th day of August, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT