IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| P. DAVID NEWSOME, JR., LIQUIDATING TRUSTEE OF MAHALO ENERGY (USA), INC., | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-140-GKF-PJC |
| | ) |
| WILLIAM GALLACHER, DUNCAN CHISHOLM, GARY H. DUNDAS, JEFF G. LAWSON, JAMES BURNS, KEVIN WOLFE, DAVID E. BUTLER and GRANT A. MACKENZIE, | )<br>)<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the court is the Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 [Dkt. #135] filed by plaintiff P. David Newsome, Jr., Liquidating Trustee of Mahalo Energy (USA), Inc. ("Newsome"). Newsome seeks transfer of this case to the United States District Court for the District of Delaware, where he has filed suit against defendants Jeff G. Lawson ("Lawson") and Grant A. MacKenzie ("MacKenzie"), asserting claims for alleged breach of fiduciary duties in their capacity as attorneys for Mahalo Energy (USA) ("Mahalo USA") and its parent, Mahalo Energy Ltd. ("Parent"). Defendants oppose the motion.

## I. Procedural Background

### A. This Action

In May 2009, Mahalo USA filed a Chapter 11 bankruptcy petition in the United States District Court for the Eastern District of Oklahoma. Newsome was appointed as the liquidating trustee and successor-in-interest to the claims of the reorganized debtor. On March 8, 2011, he filed suit in this court against former officers and directors of Mahalo USA and the Parent. Newsome asserted direct claims against officers and directors of Mahalo USA ("Mahalo USA Defendants") for breach of fiduciary duty and against officers and directors of the Parent ("Parent Defendants") for aiding and abetting the alleged breaches of fiduciary duty by the Mahalo USA Defendants. He also asserted legal malpractice claims against Burnett, Duckworth and Palmer, LLP ("BDP"), a Canadian law firm that provided legal services to the Parent, and against Lawson, a law firm partner.

All defendants moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(2), asserting lack of personal jurisdiction. In the alternative, the Mahalo USA Defendants and Parent Defendants (collectively, the "Individual Defendants") sought dismissal of claims brought on behalf of Mahalo USA's creditors, arguing creditors have no right to assert claims for breach of fiduciary duty. The court granted all defendants' motions to dismiss for lack of personal jurisdiction and did not reach the alternative motion. [Dkt. #55 at 29]. Newsome appealed the dismissal. The Tenth Circuit affirmed dismissal of the legal malpractice claims against BDP and Lawson but reversed dismissal of the claims against the Individual Defendants.

After remand, Newsome—with leave of court—filed a First Amended Complaint. [Dkt. #76]. The First Amended Complaint continued to allege direct claims on behalf of Mahalo USA's creditors and, for the first time, asserted a claim that the directors of the Parent owed (and

breached) fiduciary duties *directly* to Mahalo USA. (*See*, *i.e.*, Dkt. #76, ¶10, "Each of the Defendants, in their capacities as the officers and directors and/or agents of Mahalo USA and/or of Parent, owed fiduciary duties to Mahalo USA and its creditors."). Further, the First Amended Complaint added MacKenzie as a defendant and asserted claims against Lawson and MacKenzie for alleged legal work performed outside their capacity as partners of BDP. [*Id.*].

The Individual Defendants moved to dismiss the First Amended Complaint to the extent it purported to bring the claims on behalf of creditors of Mahalo USA and to dismiss the new claim against the Parent Directors for breach of fiduciary duty to Mahalo USA. [Dkt. #86]. The court granted the motion. [Dkt. #130].

The Attorney Defendants also moved to dismiss the First Amended Complaint to the extent it asserted legal malpractice claims precluded by the court's earlier dismissal. [Dkt. #81]. The court granted the motion on June 5, 2014. [Dkt. #131].

### B. Delaware Action

On June 27, 2014, the Trustee filed suit against the Attorney Defendants in the United States District Court for the District of Delaware. *See P. David Newsome, Jr., Liquidating Trustee of Mahalo Energy (USA) v. Jeff. G. Lawson and Grant A. MacKenzie*, Case No. 1:14-cv-000842-RGA, Dkt. #1. On August 28, 2014, the Attorney Defendants filed a Motion to Dismiss in that case, asserting the court lacked personal jurisdiction over them. *Id.*, Dkt. #11. The Trustee filed a Motion for Leave to Conduct Jurisdiction Discovery and sought an extension of the briefing schedule for the Motion to Dismiss. *Id.*, Dkt. #15.

On September 8, 2014, the parties in the Delaware case filed a Stipulation in which they agreed, subject to the approval of the court, to extend the deadline for the Trustee's response to defendants' Motion to Dismiss until the Trustee's Motion for Leave to Conduct Jurisdiction

3

Discovery is decided. *Id.*, Dkt. #19. Pursuant to the Stipulation, if the Motion for Jurisdictional Discovery is denied, the Trustee will have 14 days to file his response to the Motion to Dismiss, and if the Motion for Jurisdictional Discovery is granted, a briefing schedule will be set. *Id.*

On September 9, 2014, the Delaware court entered an order dismissing defendants' Motion to Dismiss without prejudice to refiling "as is" if the Motion for Jurisdictional Discovery is denied. *Id.*, Dkt. #20. The order provides that upon defendants' notice of refiling the Motion to Dismiss, plaintiff will have 14 days to file a response. *Id.* Further, the order provides that if the Motion for Jurisdictional Discovery is granted, the time to file a renewed motion to dismiss will be 14 days after the close of jurisdictional discovery; and until the motion for jurisdiction discovery is resolved, all other aspects of the case are stayed. *Id.*

### III. Analysis

Transfer to a different district court where the action might have been brought is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

The Tenth Circuit has held that this section gives courts discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The party moving to transfer a case pursuant to §1404(a) bears the burden of establishing that the existing forum is inconvenient. *Id.* at 1515. In deciding a motion to transfer, courts are to consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

Critically, however, the threshold inquiry is whether the transferee district has subject matter and personal jurisdiction, for § 1404(a) "does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants." *Chrysler Credit Corp.*, 928 F.2d at 1515 (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) and *Morris v. Peterson*, 759 F.2d 809, 812 (10th Cir. 1985)). Citing dicta in the Tenth Circuit decision in this case,[1] Newsome contends the District Court of Delaware would have personal jurisdiction over all defendants. However, a review of the docket sheet in the Delaware case confirms the Attorney Defendants disagree. And in response to the Motion to Transfer, the Parent Defendants argue that the Delaware court does not have personal jurisdiction over them.

The decision whether to transfer a case lies within the sound discretion of the trial court. *Texas Gulf Sulphur*, 371 F.2d at 147. "The purpose of § 1404(a) is to avoid wasting time, energy, and money and, in addition, to safeguard parties, witnesses, and the public against avoidable inconvenience and expense." Moore's Federal Rules Pamphlet § 1404.2[2] (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach et al.*, 523 U.S. 26 (1998)). Entertaining Newsome's motion at this time would not further the purpose of § 1404(a). The question of whether the Delaware court has personal jurisdiction over the Attorney Defendants is

---

[1] On appeal, the Tenth Circuit, in the course of its personal jurisdiction analysis, commented, "From our current vantage point, at least, it appears that Delaware is an available alternative forum for all parties." *Newsome v. Gallacher*, 722 F.3d 1257, 1274 (10th Cir. 2013).

making its way through that court. It makes little sense for this court to decide the issue, when the Delaware court will make that decision itself. Further, until the Delaware court resolves the Attorney Defendants' jurisdictional challenge, it would be a waste of judicial resources for this court to wrestle with the question of whether the Delaware court has personal jurisdiction over the Parent Defendants. In essence, Newsome's motion is premature, given the procedural posture of the Delaware case.

In the meantime, this case has been pending since March 8, 2011. Currently, there is no scheduling order.[2] Given the status of the Delaware case, the court concludes discovery should go forward in this case.

Newsome has not met his burden of establishing that the District Court of Delaware has personal jurisdiction over all defendants. Therefore, his Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 [Dkt. #135] is denied without prejudice. Newsome's Request for Judicial Notice [Dkt. #136], requesting the court to take notice of the Complaint filed in the Delaware court, is granted. The parties are directed to file a Joint Status Report by October 8, 2014.

ENTERED this 24th day of September, 2014.

*signature*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] In the last Joint Status Report on June 27, 2014, plaintiff suggested deferring entry of a Scheduling Order, and defendants did not object. [Dkt. #138 at 2].